Rockingham, }
Feb. 4, 1902. }

### FRANCOIS *v.* TAYLOR. ·

A motion to direct a verdict is properly denied when there is a conflict of testimony upon material points in issue.

TRESPASS *quare clausum.* Trial by jury and verdict for the plaintiff. Transferred from the April term, 1901, of the superior court by *Stone*, J.

The parties derived title to adjoining lots of land from a common owner,— the defendant in 1865, and the plaintiff in 1884. The dividing line was described in the defendant's deed as running from a certain point, south forty-five degrees east to a pond. The evidence was conflicting regarding the true location of the line upon the ground because of differences as to the variation of the magnetic needle since 1865. In 1898, the plaintiff employed a surveyor to run the line. The defendant testified that, learning this, he went to the plaintiff to arrange a settlement of the line, and that they orally agreed to leave the matter to surveyors, one to be selected by each party, and if they did not agree a third to be selected by the two, who should take the title deeds and establish the line. Another witness, called by the defendant, testified to the same effect. The plaintiff testified that the defendant came to her and complained that she ought not to have a survey

made without notifying him so that he could have a surveyor present to represent him; and that she replied, " Very well, I will get my surveyor — you get yours, and let them take the deeds and run the line." She denied that she agreed to let the surveyors establish the line or to be bound by their decision. The plaintiff employed a surveyor and gave him her deed, and the defendant employed another surveyor and gave him his deed, and the two ran a line and set stakes in it, which the plaintiff immediately afterward saw, and to which the defendant claims. The surveyors made a plan and placed the following indorsement upon it over their signatures : " Plan of line between M. H. Taylor and Julia Francois, as established by J. H. T. Dunlap of Salem and Joseph R. Clark of Derry, September, 1898, by agreement of the parties, Taylor and Francois." Each surveyor was paid by the party who employed him. The surveyors made no report to the plaintiff, and she testified that she gave the surveyor employed by her no authority to sign the plan or report for her. Dunlap testified that he did not hear the parties make an agreement of submission, but the surveyors understood from some source that that was what was wanted, and signed the report accordingly.

At the conclusion of the evidence the defendant moved that a verdict be directed in his favor. The motion was denied, subject to his exception.

*Ernest L. Guptill, John O'Neill,* and *Sherman & Sherman* (of Massachusetts), for the plaintiff.

*G. K. & B. T. Bartlett,* for the defendant.

CHASE, J. The plaintiff denied that she made the agreement testified to by the defendant and his witness. If the plaintiff's account of the conversation between her and the defendant was true, the survey proposed by her, like the one which she was about to make on her own account, was of a tentative nature. Neither party would be bound by it. The plaintiff also denied that she authorized the surveyor employed by her to make the indorsement which appears upon the plan. The fact that immediately after the line was run she saw the stakes that were set in it would not necessarily prove that she agreed to the line. It would be evidence, more or less weighty according to circumstances, tending to show an agreement.

There was a conflict in the evidence relating to the question whether there was an agreement, and it was properly submitted to the jury.

*Exception overruled.*

All concurred.